McIlvaine, J.
Upon the proposition that a power of attorney to confess a judgment, attached to a negotiable promissory note in favor of the holder thereof, may be executed in favor of an indorsee, I need add but little to what was said iu the opinion in the case of Watson v. Paine, 25 Ohio St. 340.
In strictness, the question is not, whether such a power of attorney is negotiable, but whether the attorney upon whom the power is conferred may execute it in favor of the holder, according to the express terms of the grant, when such holder is other than the payee of the note. The doctrine advanced in that case, upon this question, is now approved.
In a very recent case, Osborn v. Kistler, ante 99, it was decided that a sealed note, though payable to bearer, could not be transferred, so as to vest the legal title in the transferee, except “ by indorsement thereon.” See also 14 Ohio, 542. But, on the other hand, all the cases clearly recoguize the doctrine that a purchaser of such paper, to whom it is transferred by delivery merely, acquires an equitable *143 ownership and title thereto, whereby he may prosecute an action thereon in his own name, subject, however, to such defenses as existed against it while in the hands of the payee.
It only remains, therefore, to be determined, whether such a power of attorney can be executed in favor of such equitable owner and holder.
The code of civil procedure provides that every-action must be prosecuted in the name of the real party in interest, and the case before us being within this rule, we think, it must have been in the contemplation of the donor of the power, as it is clearly within the words of the grant, that the attorney should confess judgment in favor of such equitable owner and holder.
The scope of the power is not limited, in this case, as it was in the case, Cushman v. Welsh, 19 Ohio St. 536, in favor of the legal holder only. The authority here given is “ to confess judgment in favor of the holder of said note,” and we think these words were intended, and should be construed, to embrace any holder who might lawfully prosecute an action on said note, in his own name and for his own use.

Judgment affirmed.